UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


CHRISTOPHER G. WILEY

VERSUS                                          CIVIL ACTION

SOCIAL SECURITY ADMINISTRATION,                 NUMBER 07-692-RET-SCR
ET AL

### NOTICE

        Please take notice that the attached Magistrate Judge's Report
has been filed with the Clerk of the U. S. District Court.

        In accordance with 28 U.S.C. § 636(b)(1), you have ten days
after being served with the attached report to file written
objections to the proposed findings of fact, conclusions of law,
and recommendations set forth therein.   Failure to file written
objections to the proposed findings, conclusions and
recommendations within ten days after being served will bar you,
except upon grounds of plain error, from attacking on appeal the
unobjected-to proposed factual findings and legal conclusions
accepted by the District Court.

        ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE
WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

        Baton Rouge, Louisiana, November 29, 2007.


                                STEPHEN C. RIEDLINGER
                                UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


CHRISTOPHER G. WILEY

VERSUS                                        CIVIL ACTION

SOCIAL SECURITY ADMINISTRATION,               NUMBER 07-692-RET-SCR
ET AL


MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, a detainee confined at the East Louisiana Mental Health System, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Social Security Administration, the East Louisiana Mental Health System and attorney Joseph McKearn.   Plaintiff sought a continuation of Supplemental Security Income (SSI) while he is hospitalized or incarcerated.

Subsection (c)(1) of 42 U.S.C. § 1997e provides as follows:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

The court must accept as true the plaintiff's allegations and may not dismiss the complaint for failure to state a claim unless

it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. *Boudeloche v. Grow Chemical Coatings Corp.*, 728 F. 2d 759 (5th Cir. 1984).

A review of the exhibits attached to the plaintiff's complaint showed that the plaintiff's SSI was terminated in February 2005. The exhibits further showed that the termination of the plaintiff's benefits is currently under review by the Appeals Council.[1]

A district court does not have jurisdiction to review a social security disability matter prior to a final decision by the Commissioner of Social Security.  *See* 42 U.S.C. § 405(g) and (h); *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457 (1975).

Plaintiff's exhibits filed in support of his complaint showed that the plaintiff's claim is currently under review by the Appeals Council.  The absence of a final decision deprives this court of jurisdiction over the plaintiff's claim.

Plaintiff named the East Louisiana Mental Health System as a defendant but failed to allege any facts against the facility.

A § 1983 complaint must plead specific facts and allege a cognizable constitutional violation in order to avoid dismissal for failure to state a claim.  *Brinkmann v. Johnston*, 793 F.2d 111 (5th Cir. 1986).

---

[1] Record document number 4, September 7, 2007 letter to plaintiff from the Social Security Administration Office of Disability Adjudication and Review.

2

Plaintiff named attorney Joseph McKearn as a defendant but failed to allege any facts against him which rise to the level of a constitutional violation.

An attorney, whether retained or appointed in any proceeding, owes his only duty to his client and not to the public or the state. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445 (1981). Because a private attorney's role is independent from the role of the state, any attorney's conduct, by mere representation of his client, is not chargeable to the state. *Hill v. McClellan*, 490 F.2d 859 (5th Cir. 1974). A private retained attorney does not act under color of state law and cannot be held liable under the Civil Rights Act in the absence of an actionable conspiracy. *Slavin v. Curry*, 574 F.2d 1256 (5th Cir. 1978). Plaintiff has not alleged that the defendant conspired with any state official to deprive him of his rights.

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law and the allegations fail to state a claim, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).[2]

---

[2]  28 U.S.C. § 1915 provides as follows:
(g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under

<u>RECOMMENDATION</u>

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Baton Rouge, Louisiana, November 29, 2007.

*Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

imminent danger of serious physical injury.